E-FILED 02/09/12
JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| SPECULATIVE PRODUCT DESIGN, LLC, | Case No.: CV11-06867 PSG (SSx) |
|---|---|
| Plaintiff, | [~~PROPOSED~~] PERMANENT INJUNCTION AGAINST DEFENDANT MENG NAN JIN |
| v. | |
| MENG NAN JIN, et al., | |
| Defendants. | |

The Court, pursuant to the Stipulation For Entry of Permanent Injunction ("Stipulation"), between Plaintiff SPECULATIVE PRODUCT DESIGN, LLC ("Plaintiff"), on the one hand, and Defendant MENG NAN JIN ("Defendant"), on the other hand, hereby ORDERS, ADJUDICATES and DECREES that a permanent injunction shall be and hereby is entered against Defendant as follows:

1. **PERMANENT INJUNCTION.** Defendant and any person or entity acting in concert with, or at the direction of him, including any and all agents, servants, employees, partners, and any others over which he may exercise control, are hereby restrained and enjoined, pursuant to 15 U.S.C. § 1116, from engaging in, directly or indirectly, or authorizing or assisting any third party to engage in, any of the following activities in the United States and throughout the world:

   a. copying, manufacturing, importing, exporting, marketing, selling, offering for sale, distributing or dealing in any product or service that uses, or otherwise making any use of, any of Plaintiff's SPECK® and CANDYSHELL® trademarks, and/or any intellectual property that is confusingly or substantially similar to, or that constitutes a colorable imitation of, any of Plaintiff's SPECK® and CANDYSHELL® trademarks, whether such use is as, on, in or in connection with any trademark, service mark, trade name, logo, design, Internet use, website, domain name, metatags, advertising, promotions, solicitations, commercial exploitation, television, web-based or any other program, or any product or service, or otherwise;

   b. performing or allowing others employed by or representing him, or under his control, to perform any act or thing which is likely to injure Plaintiff, any Plaintiff's SPECK® and CANDYSHELL® trademarks, and/or Plaintiff's business reputation or goodwill;

   c. engaging in any acts of federal and/or state trademark infringement, false designation of origin, unfair competition, dilution, or other act which would tend damage or injure Plaintiff; and/or

   d. using any Internet domain name or website that includes any Plaintiff's trademarks, including the SPECK® and CANDYSHELL® marks.

2. Defendant is ordered to deliver immediately for destruction all unauthorized products, including counterfeit SPECK® and CANDYSHELL® products and related products, labels, signs, prints, packages, wrappers, receptacles

1  and advertisements relating thereto in his possession or under his control bearing
2  any of Plaintiff's intellectual property or any simulation, reproduction, counterfeit,
3  copy or colorable imitations thereof, to the extent that any of these items are in
4  Defendant's possession.

5      3.    This Permanent Injunction shall be deemed to have been served upon
6  Defendant at the time of its execution by the Court and shall terminate this action.

7      4.    The Court finds there is no just reason for delay in entering this
8  Permanent Injunction, and, pursuant to Rule 54(a) of the *Federal Rules of Civil*
9  *Procedure*, the Court directs immediate entry of this Permanent Injunction against
10 Defendant.

11     5.    **NO APPEALS AND CONTINUING JURISDICTION.** No
12 appeals shall be taken from this Permanent Injunction, and the parties waive all
13 rights to appeal. This Court expressly retains jurisdiction over this matter to
14 enforce any violation of the terms of this Permanent Injunction.

15     6.    **NO FEES AND COSTS.** Each party shall bear his/its own attorneys'
16 fees and costs incurred in this matter.

18 IT IS SO ORDERED, ADJUDICATED and DECREED this __8th__ day of
19 __February__, 2012.

**PHILIP S. GUTIERREZ**
HON. PHILIP S. GUTIERREZ
United States District Judge for the Central
District of California

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Johnson & Pham, LLP, 6355 Topanga Canyon Blvd., Suite 326, Woodland Hills, CA 91367. On February 7, 2012, I served the within document(s):

**[PROPOSED] PERMANENT INJUNCTION AGAINST DEFENDANT MENG NAN JIN**

☐ FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☒ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐ PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via UNITED PARCEL SERVICE.

**Meng Nan Jin**
**8512 54th Avenue, BSMT**
**Elmhurst, New York 11373**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 7, 2012, at Woodland Hills, California.

_____
Brett Ralston